IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STALLINGS & SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-392-WKW |
| | ) | [WO] |
| EMC PROPERTY & CASUALTY | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is a Pro Tanto Stipulation of Dismissal (Doc. # 57), filed by Plaintiff and Defendant North Pointe Insurance Company. The stipulation is construed as a motion for an order of dismissal, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1] Upon consideration of the motion (Doc. # 57), it

---

[1] A request to dismiss an action requires a court order if Rule 41(a)(1) does not apply. Fed. R. Civ. P. 41(a)(2). Rule 41(a)(1)(A) allows for dismissal without a court order: (i) before an opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. Defendant North Pointe Insurance Company has filed an answer to the amended complaint, and not all of the parties who have appeared in this action have signed the stipulation. *See Anderson-Tully Co. v. Fed. Ins. Co.*, 347 F. App'x 171, 176 (6th Cir. 2009) ("[F]or purposes of Rule 41(a)(1)(A)(ii), which is clearly one means of crossing the threshold between the [litigation and appeal] stages, the appeal-stage side of the threshold clearly favors our construing the phrase 'all parties who have appeared' (and the word 'parties' in particular) as including both current and former parties."). Dismissal, thus, must be by motion. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as

is ORDERED that the motion is GRANTED, and that Plaintiff's claims against Defendant North Pointe Insurance Company are DISMISSED with prejudice, with each party to bear its own costs.

DONE this 30th day of December, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).